UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN DELEON,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY CREDIT SERVICES, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:23-cv-1286<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, JONATHAN DELEON ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of SECURITY CREDIT SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Western District of Texas, and the events giving rise to the claims made in this Complaint occurred within the Western District of Texas.

### PARTIES

1

4.      Plaintiff is a disabled consumer over 18-years-of-age residing in Guadalupe County, Texas, which lies within the Western District of Texas.

5.      Defendant "is one of the United States' top 10 receivables buyers and has purchased over $30 billion worth of delinquent and charged-off receivables since 2003."[1]  Defendant is a third-party debt collector organized under the laws of the state of Mississippi, with its principal place of business located at 306 Enterprise Drive, Oxford, Mississippi 38655.  Defendant regularly collects upon consumers across the United States, including those residing within the state of Texas. Defendant's registered agent – Corporation Service Company – is located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.      For the last several months, Plaintiff has been looking to improve his credit, so he accessed his credit report and was surprised to see an entry bearing Defendant's name, who was reporting in an active collection status, a consumer debt ("subject debt") that Plaintiff purportedly incurred with *WFC Limited Partnership d/b/a World Finance* ("World Finance").

8.      Plaintiff was confused by Defendant's reporting and did not agree with the underlying balance set forth in his credit report.

9.      Accordingly, on or about September 7, 2023, Plaintiff contacted Defendant via telephone and relayed this information, along with the fact that Plaintiff disputed owing the subject debt.

---

[1] https://www.equiproinvestments.com/about

2

10. Rather than notate Plaintiff's dispute and inform World Finance of the same, Defendant's representative disregarded Plaintiff's information and attempted to collect upon the subject debt.

11. Moreover, a few weeks later, Plaintiff checked his credit report to ensure that Defendant was no longer reporting the subject debt, but much to his dismay, not only was Defendant reporting the subject debt in an active collection status, but Defendant also failed to notate that the subject debt was being disputed by Plaintiff. *See* attached Exhibit A for relevant page(s) from Plaintiff's Experian credit report.

12. Plaintiff was perplexed by Defendant's failure to communicate to Experian that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to Experian on September 11, 2023, which was subsequent to Plaintiff's dispute with Defendant. *See Id.*

13. To date, Defendant has failed to notify Experian regarding Plaintiff's dispute of the subject debt, and has continued to disseminate false information regarding Plaintiff to third parties, including potential creditors.

14. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding his rights, resulting in expenses.

15. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

16. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, Defendant's inaccurate reporting has had a significant adverse impact on

Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

18. Defendant's conduct and disputed credit reporting has caused Plaintiff additional concrete harm, including but not limited to: a decreased credit score, the dissemination of false information to one or more third parties, the loss of credit and/or the loss of ability to purchase and benefit from a credit line, the exacerbation of his physical and medical symptoms, loss of sleep, expending time addressing and dealing with Defendant's confusing and false conduct, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted

to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2008.[2]

23.     The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i.     Violations of 15 U.S.C § 1692e

24.     The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25.     In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

26.     Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to Experian in an active collection status, when not only did Plaintiff not owe the subject debt, but he explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit

---

[2] https://me.acainternational.org/membership/membership-directory/company-member-directory/company-details?accountid=35aea574-4542-ec11-8c62-000d3a5b8e84

information to Experian, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that he did not owe.

### ii. Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not agree with the balance communicated by Defendant and World Finance, and he disputed owing the same. Plaintiff informed Defendant of this information, but rather than being mindful of this dispute, Defendant disregarded Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the credit bureaus.

29. Furthermore, Defendant's conduct is also in violation of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

30. As pled in paragraphs 14 through 18, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JONATHAN DELEON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 11th day of October, 2023.            Respectfully Submitted,

                                             */s/ Taxiarchis Hatzidimitriadis*
                                             Taxiarchis Hatzidimitriadis #6319225
                                               CONSUMER LAW PARTNERS, LLC
                                               180 N. Stetson Avenue, Suite 2800
                                               Chicago, Illinois 60601
                                               (267) 422-1000 (phone)
                                               (267) 422-2000 (fax)
                                               teddy@consumerlawpartners.com

                                               *Counsel for Plaintiff, Jonathan Deleon*